UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBYNE DENISE ALEXANDER, | ) | |
| | ) | CASE NO. 14-57955-JRS |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S
SUPPLEMENTAL OBJECTION TO CONFIRMATION OF PLAN
& MOTION TO DISMISS CASE**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and Objects to Confirmation of the Plan and files this Motion to Dismiss Case under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Trustee incorporates by reference the Objections to Confirmation previously filed (except objection number 1).

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. The funding of post-petition rent installments have not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

4. Pursuant to Debtor's testimony, the monthly expense for rent is $875.00 not $1,200.00 as reflected on Schedule J, so that the Debtor has additional disposable income to contribute to the plan, in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive for the calendar years ending 2014, 2015 and 2016 shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

6.	The Debtor has failed to properly schedule and notify Ag and Keeneland Farms, in violation of 11 U.S.C. Section 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtor's Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtor should provide proof that the creditor has been served.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed Confirmation Hearing, deny Confirmation of the Chapter 13 Plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/Adam M. Goodman
Adam M. Goodman
Standing Chapter 13 Trustee
GA Bar No. 300887

Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| ROBYNE DENISE ALEXANDER, ) | |
| ) | CASE NO. 14-57955-JRS |
| ) | |
| DEBTOR. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

ROBYNE DENISE ALEXANDER
2278 LANIER PLACE
MORROW, GA 30260

ATTORNEY FOR DEBTOR:

THE LAW OFFICE OF RICARDO MOSBY, LCC
1720 PEACHTREE STREET NW
SUITE 435
ATLANTA, GA 30309

the above in the foregoing matter with a copy of this Supplemental Objection to Confirmation of Plan and Motion to Dismiss Case by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 25th day of August 2014.


/s/Adam M. Goodman
Adam M. Goodman,
Standing Chapter 13 Trustee
GA Bar No. 300887


Adam M. Goodman
Standing Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444